UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROL BERGSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Defendants. | Case No. C17-1441RSM<br><br>ORDER GRANTING DEFENDANT PARSONS CORPORATION'S MOTION FOR SUMMARY JUDGMENT RE: STATUTE OF LIMITATIONS |

## I. INTRODUCTION

This matter comes before the Court on Defendant Parsons Corporation's Motion for Summary Judgment re: Statute of Limitations. Dkt. #25. Plaintiff has opposed the Motion. Dkt. #30. Defendant and Plaintiff have requested oral argument but the Court does not find oral argument necessary to resolve Defendant's Motion. Having considered the parties' briefing and the relevant record and for the reasons set forth below, the Court grants Defendant's Motion.

## II. BACKGROUND

On August 29, 2014, Plaintiff Carol Bergson was walking on a sidewalk adjacent to the Wedgewood Post Office in Seattle, Washington. Dkt. #1 at ¶ 24. At the intersection of the sidewalk and the parking lot, Plaintiff lost her footing and fell, suffering "fractured bones, soft tissue injuries, [and] other bodily injuries." *Id.* at ¶¶ 24, 40. Plaintiff maintains that her injuries were the result of the Defendants' negligence. Dkt. #1.

ORDER – 1

On July 7, 2016, Plaintiff submitted a Freedom of Information Act ("FOIA") request to the United States Postal Service. Dkt. #31-1. The request sought information related to the design, construction, marking, and maintenance of the parking lot and sidewalks adjacent to the Wedgewood Post Office, and notice, consultation, advice, or complaints related to the parking lot or sidewalks. *Id.* Plaintiff received the Postal Service's response 54 days later, on August 30, 2016. Dkt. #31-2. The information provided in the response allowed Plaintiff to identify the involvement of Defendant Parsons Corporation. Dkt. #30 at 2; Dkt. #31 at ¶ 3.

On July 20, 2016, Plaintiff filed suit in state court against Walton Investment Co., Inc. (the property owner), Unknown Persons 1-5, and Unknown Entities 1-5. Dkt. #26 at 5; Dkt. #1 at ¶ 14. Unknown Entities 1-5 were identified as "commercial entities . . . who, on information and belief, designed, constructed, marked, managed and/or maintained the walkway and/or parking lot." Dkt. #26 at 6, ¶ 4. Plaintiff filed this federal court action on September 21, 2017, adding the United States of America, Defendant, and several other parties. *Id.*

### III. DISCUSSION

#### A. Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Fed. Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

ORDER – 2

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). However, "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 251. The non-moving party must make a "sufficient showing on [each] essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**B. Plaintiff's Claims Are Time Barred Under Washington Law**

When, as here, the Court presides over supplemental state law claims, "the court applies state substantive law to the state law claims." *Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011) (citations omitted). The Court must apply the state's statute of limitations and integrally related rules, follow decisions of the highest state court, and in the absence of precedent, predict how the issue would be resolved by the state's highest court. *Albano v. Shea Homes Ltd. Partnership*, 634 F.3d 524, 530 (9th Cir. 2011) (citations omitted).

The parties agree that Plaintiff's claims against Defendant are governed by Washington law and that Washington's general statute of limitations related to personal injuries applies, requiring that actions be commenced within three years of accrual. RCW 4.16.080(2) ("The following actions shall be commenced within three years: . . . (2) An action . . . for any other injury to the person or rights of another not hereinafter enumerated."); RCW 4.16.005 (action

ORDER – 3

can be commenced within three years "after the cause of action has accrued"). The issue is therefore when Plaintiff's claims accrued under Washington law.[1]

In Washington, "[t]he general rule in ordinary personal injury actions is that a cause of action accrues at the time the act or omission occurs." *In re Estates of Hibbard*, 118 Wash.2d 737, 744, 826 P.2d 690, 694 (1992) (citing *White v. Johns-Manville Corp.*, 103 Wash.2d 344, 348, 693 P.2d 687, 691 (1985); 49 A.L.R. 4th 955 (1985)). In certain cases, to avoid injustice, Washington courts have applied a "discovery rule" and allowed the statute of limitations to run from the time "the plaintiff discovers, or in the reasonable exercise of diligence should discover, the elements of [plaintiff's] cause of action." *See e.g. 1000 Virginia Ltd. P'ship v. Vertecs Corp.*, 158 Wash.2d 566, 576, 146 P.3d 423, 428 (2006). However, "[a]pplication of the rule is limited to claims in which the plaintiffs could not have immediately known of their injuries due to professional malpractice, occupational diseases, self-reporting or concealment of information by

---

[1] The parties appear to assume that accrual in this case is substantive and governed by Washington law. Courts have long held that state statutes of limitation are substantive and have held that tolling principals are integrally related. *Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99 (1945); *Albano v. Shea Homes Ltd. Partnership*, 634 F.3d 524, 530 (9th Cir. 2011) ("Federal courts must abide by a state's tolling rules, which are integrally related to statues of limitations."). Further, several courts appear to have decided that accrual was substantive and applied state law to determine accrual for state statute of limitations purposes. *See Wolfe v. Perry*, 412 F.3d 707, 714–15 (6th Cir. 2005) (looking to federal law for accrual of § 1983 claim but looking to state law for accrual of state-law claims of malicious prosecution and false arrest); *Gausvik v. Perez*, 239 F. Supp. 2d 1108, 1123 (E.D. Wash. 2002) (federal accrual rule did not apply "to state law claims because state law determines when those claims accrue"). Yet the Court is not aware of any binding precedent addressing whether accrual of state law claims is substantive or procedural. Regardless, the distinction does not appear important here. Under federal law "a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." *DirecTV, Inc. v. Webb*, 545 F.3d 837, 852 (9th Cir. 2008) (quoting *Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1136 (9th Cir. 2006)) (quotation marks omitted). Because the parties have not made arguments under federal law and because the Court's decision does not appear to be inconsistent with federal law, the Court will apply Washington law.

ORDER – 4

the defendant" or "claims in which plaintiffs could not immediately know of the cause of their injuries." *In re Estates of Hibbard*, 826 P.2d at 696.

Plaintiff argues that the discovery rule applies universally and is simply "a way of determining when the [statute of limitations] *starts*." Dkt. #30 at 5. From there, Plaintiff argues that the identity of each defendant is an essential element of her cause of action against that defendant. *Id.* at 8–13. Thus, Plaintiff concludes that even if she had reasonably exercised diligence and submitted her FOIA request on the day of the accident, she would not have received a response until 54 days later and that the statute of limitations therefore began 54 days after her accident on October 22, 2014. *Id.* at 2.

But Plaintiff's argument is counter to Washington law and fails because the discovery rule is not universally applied. First, the Washington Supreme Court has explained that the general rule is that for personal injury actions, the cause of action accrues on the date of injury. *In re Estates of Hibbard*, 826 P.2d at 694. Applying the discovery rule to every case, as Plaintiff advocates, would render the Washington Supreme Court's "general rule" meaningless. Second, the Washington Supreme Court has explained that it "adopts a discovery rule of accrual for a particular kind of action." *1000 Virginia Ltd. P'ship*, 146 P.3d at 433. Plaintiff's universal application approach would likewise obliterate the need for courts to determine whether to adopt the discovery rule in any particular context. Third, the Washington Supreme Court has explained the need for "setting an outer limit to [the] operation of the discovery rule." *Schroeder v. Weighall*, 179 Wash.2d 566, 576, 316 P.3d 482, 487 (2014) (quoting *DeYoung v. Providence Med. Ctr.*, 136 Wash.2d 136, 150, 960 P.2d 919, 925–26 (1998)). Again, Plaintiff's position obliterates any outer limits of the rule and is contrary to the limits described by the Washington Supreme Court.

ORDER – 5

More importantly, Plaintiff cites to no cases where the Washington Supreme Court has applied the discovery rule in a similar circumstance. Plaintiff points to two cases where the discovery rule was applied with regard to the identity of a defendant, but those cases are product liability and medical malpractice actions, two areas in which the Washington Supreme Court has specifically applied the discovery rule. *See Orear v. Int'l Paint Co.*, 59 Wash. App. 249, 796 P.2d 759 (1990) (noting that the Washington Supreme Court has "explicitly formulated the discovery rule in product liability actions as being defendant-specific"); *Winbun v. Moore*, 143 Wash.2d 206, 18 P.3d 576 (2001) (applying discovery rule in medical malpractice case where multiple doctors may have committed malpractice, may have caused separate injuries or contributed to the same injuries, and one doctor's identity was obscured by undisclosed documents). Plaintiff simply has not shown that the discovery rule applies to this case under Washington law.

Plaintiff also has not requested that the Court extend the discovery rule to cases such as this. *See 1000 Virginia Ltd. P'ship*, 146 P.3d at 430 (weighing considerations to determine whether to apply the discovery rule); *Schwindt v. Commonwealth Ins. Co.*, 94 Wash. App. 504, 509, 972 P.2d 570, 572 n.10 (1999), *rev'd* 140 Wash.2d 348, 997 P.2d 353 (2000) (noting that extension of the discovery rule is "judicial policy determination" but that the plaintiff "did not specifically ask this court to judicially extend the discovery rule"). Washington law does not clearly establish whether Plaintiff must request that the Court expand application of the discovery rule. Regardless, the Court does not find that an extension of the discovery rule is justified.

Statutes of limitation are "a legislative declaration of public policy" and courts "will not, as a general rule, read into statutes of limitation an exception which has not been embodied therein." *Cost Mgmt. Servs., Inc. v. City of Lakewood*, 178 Wash.2d 635, 651, 310 P.3d 804, 813

ORDER – 6

(2013) (quoting *J.M. Arthur & Co. v. Burke,* 83 Wash. 690, 693, 145 P. 974, 975 (1915) and *Rushlight v. McLain,* 28 Wash.2d 189, 199–200, 182 P.2d 62, 67 (1947)) (quotation marks omitted). Even so, the Washington Supreme Court has determined that it "has a duty to construe and apply limitation statutes in a manner that furthers justice." *U.S. Oil & Ref. Co. v. State Dep't of Ecology*, 96 Wash.2d 85, 93, 633 P.2d 1329, 1334 (1981) (citing *Ruth v. Dight*, 75 Wash.2d 660, 665, 453 P.2d 631, 635 (1969) and *Gazija v. Nicholas Jerns Co.*, 86 Wash.2d 215, 543 P.2d 338 (1975)). Washington courts have therefore attempted to balance the avoidance of grave injustices by application of the statute of limitations while also not forcing defendants to defend stale claims, "itself a substantial wrong." *1000 Virginia Ltd. P'ship*, 146 P.3d at 430 (quoting *Ruth*, 453 P.2d at 635 (1969)). This delicate balance is the reason that the discovery rule is applied "only in limited circumstances in which the plaintiff lacked the means to ascertain that a wrong had been committed." *C.J.C. v. Corp. of Catholic Bishop of Yakima*, 138 Wash.2d 699, 749, 985 P.2d 262, 287 (1999).

While the Court recognizes that the claim is only slightly stale—this action was filed 23 days after the statute of limitations had run—Plaintiff has not demonstrated that she suffered an injustice or that she "lacked the means to ascertain that a wrong had been committed." *Id.* Plaintiff suffered an immediate and apparent injury and knew that the injury occurred due to the condition of the sidewalk and parking lot. While Plaintiff may not have known all of the specific entities involved, Plaintiff knew the realm of potential defendants, and clearly demonstrated that knowledge by identifying them before knowing of Defendant's involvement: "Defendants Unknown Entities 1 through 5 are commercial entities . . . who, on information and belief, designed, constructed, marked, managed and/or maintained the walkway and/or parking lot." Dkt. #26 at 6. Plaintiff knew the possible entities that were responsible for her harm.

ORDER – 7

Further, Plaintiff still had an obligation to diligently pursue her claim. Limitations periods are not intended to provide time to sit on valid claims, but are to "compel the exercise of a right within a reasonable time without doing an avoidable injustice." *Gazija*, 543 P.2d at 342 (citing *Janisch v. Mullins*, 1 Wash. App. 393, 461 P.2d 895 (Wash. Ct. App. 1969)). Even after extending the discovery rule in some areas, the Washington Supreme Court "continues to emphasize the exercise of due diligence by the injured party." *In re Estates of Hibbard*, 826 P.2d at 695. Plaintiff was placed on notice that she had been injured by the condition of the walkway and parking lot and was obligated to "make further diligent inquiry to ascertain the scope of the actual harm [and] . . . is charged with what a reasonable inquiry would have discovered." *Green v. A.P.C. (Am. Pharm. Co.)*, 136 Wash.2d 87, 96, 960 P.2d 912, 916 (1998). "A person who has notice of facts that are sufficient to put him or her upon inquiry notice is deemed to have notice of all facts that reasonably inquiry would disclose." *1000 Virginia Ltd. P'ship*, 146 P.3d at 431 (citing *Green*, 960 P.2d at 916). "A party must exercise reasonable diligence in pursuing a legal claim. If such diligence is not exercised in a timely manner, the cause of action will be barred by the statute of limitations." *Reichelt v. Johns-Manville Corp.*, 107 Wash.2d 761, 772, 733 P.2d 530, 536 (1987).

Plaintiff did not proceed with reasonable diligence in pursuing her claim against Defendant. On the day of her injury, Plaintiff was placed on inquiry notice. She knew that parties responsible for the condition of the walkway and parking lot on the date of her injury may be responsible for her injuries. Plaintiff was further charged, as of that date, with the facts a reasonable inquiry would have discovered. Plaintiff admits that her reasonable inquiry, though almost two years after her accident, led to identifying Parsons Corporation.

ORDER – 8

Under Washington law, Plaintiff had three years—until August 29, 2017—to reasonably investigate and pursue her claims against Defendant and Washington law provides no basis for extending the statute of limitations further. Indeed, Plaintiff knew of Defendant's identity by August 30, 2016, and could have avoided any harm she may suffer by operation of the statute of limitations without needing an extension of the discovery rule. But Plaintiff did not initiate her lawsuit against Defendant until September 21, 2017. Accordingly, Plaintiff's claims against Defendant are barred by the statute of limitations.

## IV.     CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

1. Defendant's Motion for Summary Judgment re: Statute of Limitations (Dkt. #25) is GRANTED.
2. All claims brought by Plaintiff against Defendant Parsons Corporation are DISMISSED WITH PREJUDICE and Parsons Corporation is dismissed as a Defendant to this action.
3. This matter remains open and pending against the remaining Defendants named in this action.

DATED this 2 day of May, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE